IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PACIFIC INDEMNITY COMPANY,

        Petitioner,

Case No. _____

### VERIFIED PETITION TO PERPETUATE EVIDENCE PURSUANT TO FED. R. CIV. P. 27(A)

    Pacific Indemnity Company ("Pacific"), by and through counsel, respectfully petitions the Court pursuant to Rule 27(a) of the Federal Rules of Civil Procedure for an Order authorizing Pacific to obtain certain documents for the purpose of perpetuating evidence prior to the commencement of a potential action.

### INTRODUCTION

    This petition seeks relief from the Court to preserve evidence that Pacific reasonably believes may be material to its claim in an impending lawsuit, but which, absent Court intervention, may be irretrievably lost as a result of Verizon Wireless' ("Verizon's") and T-Mobile USA's ("T-Mobile's") records destruction policies.  Specifically, Pacific is presently investigating a property damage insurance claim by insureds Mark Galione and Parney Galione, in connection with a house fire at 355 Tahnee Mara Street, Hatch, New Mexico.  Pacific has been investigating the cause and origin of the fire and its investigator has determined that the fire was intentionally set.  Mr. Galione's cell phone bills are necessary to Pacific's ongoing claim investigation.  Verizon was Mr. Galione's cell phone provider for a time, and T-Mobile was his cell phone carrier before that, including on the day of the fire.  Mr. Galione has been unable to produce these records, and Pacific therefore requires the production of documents from Verizon and T-Mobile in order to complete its investigation.  Pacific seeks a Court order requiring

Verizon and T-Mobile to retain and produce to Pacific specific categories of documents that Pacific expects could be material to its determination of the Galiones' claim.

Pacific does not anticipate that Verizon or T-Mobile would reasonably object to its efforts to secure potentially material documents through this Verified Petition. However, because under its document retention policy Verizon and T-Mobile retain call detail records and cell tower records for only a limited period, time is of the essence. Pacific respectfully requests that this Court grant relief under Rule 27 and allow Pacific to perpetuate evidence that may otherwise be irretrievably lost.

## **LEGAL STANDARD**

Pursuant to Rule 27(a), a person who expects to be a party to an action in a United States court may seek a court order preserving documents and other evidence before the action is filed and discovery commences. Fed. R. Civ. P. 27(1); *see also In re Deiulemar Compagnia Di Navigazione, S.p.A. v. M/V Allegra*, 198 F.3d 473, 478 n.5 (4th Cir. 1999) ("perpetuation of testimony includes the inspection of documents and things.") (citing *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961)). Rule 27 relief may be granted upon a showing: (1) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring the action or cause it to be brought; (2) the subject matter of the expected action and the petitioner's interest therein; (3) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (4) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and (5) the name, address, and expected substance of the testimony of each deponent. *Id*.

If the Court is "satisfied that perpetuating the [evidence] may prevent a failure or delay of justice, the court must" permit it. Fed. R. Civ. P. 27(a). Courts have held that the "best

interpretation of the rule is that the testimony to be perpetuated must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact." *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044, 1047 (6th Cir. 1999).

Indeed, where Rule 27 relief has been sought, courts have largely favored preservation requests where the petitioner is able to establish that the testimony or evidence at issue may be irretrievably lost in the absence of court intervention. *See, e.g., In re Deiulemar Compagnia De Navigazione, S.p.A.*, 198 F.3d at 478 (Rule 27 properly invoked to preserve evidence of condition of ship undergoing repairs before it sailed from U.S. port); *In re Kane County, Utah*, No. 2:08-MC-156, 2008 WL 3833803 (D. Utah Aug. 13, 2008) (Rule 27 deposition of key fact witnesses permitted given witness' advanced age, health concerns, and risk of memory loss); *In re Petition of Compania Chilena De Navigacion*, 03 CV 5382, 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004) (Rule 27 depositions granted to preserve testimony of foreign ship crew members before ship left port); *In re Groth*, No. 01-MC-212-KHV, 2001 WL 1718123 (D. Kan. 2001) (Rule 27 petition granted to allow records deposition to obtain an insurance file in order to prevent a delay of justice).

Moreover, if the Court is satisfied that a sufficient showing has been made to warrant Rule 27 relief, the Court may order, in addition to deposition testimony, the production of documents and other material pursuant to Rule 34, *see* Fed. R. Civ. P. 27(a)(3) ("the court may issue orders like those authorized by Rule[] 34 . . . ."), including the use of its Rule 45 subpoena power, *see* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Indeed, "a party may, in a proper case, proceed under Rule 27 for an order under Rule 34 without taking a deposition at all." *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55-56 (9th Cir. 1961); *see also In re Petition*

*of Thomas*, 155 F.R.D. 124, 126 (D. Md. 1994) ("The overall objective of Rule 27 is to perpetuate evidence for use in a prospective action and to the extent that a use of Rules 34 and 35 will yield such evidence, these Rules should now be available under amended Rule 27, whether or not they are utilized in conjunction with the taking of some deposition.") (quoting James W. Moore et al., *Moore's Federal Practice* § 27.13 (2d ed. 1993)).

## FACTUAL BACKGROUND

1. Pacific is a corporation organized as existing under the laws of the State of Wisconsin and is authorized to, and does, issue insurance policies in the State of New Mexico.

2. Pacific issued an insurance policy to Mark and Parney Galione (the "Policy") for a personal residence located at 355 Tahnee Mara, Hatch, New Mexico (the "Property").

3. The Galiones have presented a claim to Pacific under the Policy for a fire on the Property that occurred on November 6, 2012.

4. Pacific's cause and origin investigator has determined that the fire was intentionally set and Pacific is investigating what occurred and who is responsible.

5. Pacific has requested that Mr. Galione provide copies of his Verizon and T-Mobile cell phone bills for the following numbers for the period of October 1, 2012 to December 31, 2012:

(575) 202-0225
(575) 520-3658
(575) 571-6279
(575) 571-8812
(954) 817-0527

Mr. Galione reported to Pacific that in November 2012 he switched his cell phone provider from T-Mobile to Verizon.

6. This contemporaneous, independent documentation reasonably may be expected to reflect the communications made by Mr. Galione during the period before and after the fire

4

which is the subject of his insurance claim. Despite its efforts, Pacific has so far been unable to secure these documents from Mr. Galione. Although he provided parts of some statements, he has reported that he has not been able to obtain complete bills. It is Pacific's understanding that those records will not be maintained by Verizon and T-Mobile long enough for them to be obtained through discovery after litigation commences, should that be necessary. Thus, through passage of time and by operation of Verizon's and T-Mobile's retention practices, those documents will likely be destroyed − absent action by this Court.

      7.      The names and addresses of those who are involved in the insurance claim investigation are as follows:

> Mark and Parney Galione
> 355 Tahnee Mara Street
> Hatch, New Mexico
>
> Pacific Indemnity Company
> c/o George Clark
> P.O. Box 465773
> Lawrenceville, GA 30043

      8.      The name and address of the entities from which discovery is requested is:

> Verizon Legal Compliance
> Custodian of Records
> P.O. Box 1001
> San Angelo, Texas 76902
>
> T-Mobile USA Inc.
> 4 Sylvan Way
> Parsippany, NJ 07054

**RELIEF REQUESTED**

Pacific seeks an Order, pursuant to Rules 27(a)(3), 34, and 45 of the Federal Rules of Civil Procedure, issuing a subpoena, authorizing Pacific's counsel to issue a subpoena, or otherwise requiring Verizon and T-Mobile to preserve and produce to Pacific, all cell phone statements and bills, including all call and text message details, and all cell tower records for

calls made from Mr. Galione's cell phone numbers, for all Verizon and T-Mobile cell phone numbers identified above or otherwise in the name of or for the benefit of Mark Galione or Parney Galione in order to preserve documents that would otherwise be destroyed before an action could be brought and proceed to discovery.  Forms of the subpoena that Pacific requests be issued are attached hereto as Exhibit A.  Notice of this Petition will be served on Mr. Galione.

> Respectfully submitted,
>
> RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
>
>
> By __/s/ Leslie McCarthy Apodaca_____
>     Leslie McCarthy Apodaca
> Attorneys for Petitioner Pacific Indemnity Company
> Post Office Box 1888
> Albuquerque, New Mexico 87103

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April 2013, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _/s/ Leslie McCarthy Apodaca_____
    Leslie McCarthy Apodaca

## **VERIFICATION**

I, Leslie McCarthy Apodaca, Esq., pursuant to 28 U.S.C. § 1746, for and on behalf of Petitioner Pacific Indemnity Company, hereby verify that I have read the contents of the foregoing Verified Petition, and hereby verify under penalty of perjury under the laws of the United States that it is true and accurate to the best of my knowledge following good faith investigation.

Executed on 23rd, 2013, at Albuquerque, New Mexico.

*/s/ Leslie McCarthy Apodaca*
Leslie McCarthy Apodaca