IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**PACIFIC INDEMNITY COMPANY,**

        **Petitioner.**                               **Civ. No. 13-375 MV/ACT**


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on the following:

1.      Petitioner's Verified Petition to Perpetuate Evidence Pursuant to Fed. R. Civ. P. 27(A), filed on April 23, 2013. [Doc. 1.] On June 1, 2013, Mark Galione and Parney Galione filed a Joint Opposition to Pacific Indemnity Company's Verified Petition. [Doc. 7.] On June 1, 2013, Mark Galione and Parney Galione filed a Joint Answer to Pacific Indemnity Company's Verified Petition. [Doc. 8.] On June 10, 2013, Petitioner filed a Reply to Mark Galione and Parney Galione's Joint Opposition. [Doc. 12.] On June 13, 2013, Petitioner filed a Notice of Completion of Briefing on the issue of Petitioner's Verified Petition.

2.      Mark and Parney Galione's Counterclaim for Declaratory Relief, filed on June 1, 2013. [Doc. 9.] On June 24, 2013, Petitioner filed a Motion to Dismiss Mark and Parney Galione's Counterclaim for Declaratory Relief. [Doc. 18.] On June 27, 2013, Mark and Parney Galione filed a Joint Opposition to Petitioner's Motion to Dismiss. [Doc. 21.]

3.      Mark and Parney Galione's Joint Motion for Summary Judgment, filed on June 27, 2013. [Doc. 22.]

---

[1] On Order of Reference [Doc. No.24] was entered on July 10, 2013, referring this case to Magistrate Judge Alan C. Torgerson to conduct, hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

**PROCEDURAL AND FACTUAL BACKGROUND**

1. **Verified Petition**

On April 23, 2013, Pacific Indemnity Company ("Petitioner") filed a Verified Petition to Perpetuate Evidence Pursuant to Fed. R. Civ. P. 27(A) ("Petition"). In its Petition, Petitioner seeks to preserve certain cell phone bills of Mark Galione, one of its insureds, in connection with its investigation of a property damage claim made by Mark and Parney Galione following a fire at their home in Hatch, New Mexico, on November 6, 2012. [Doc. 1 at 1.] Petitioner states that because its investigator determined that the fire was intentionally set, it is now attempting to determine who is responsible for setting the fire. [Id. at 4.] Petitioner believes that Mr. Galione's cell phone bills may be material to its claim in an "impending" lawsuit and "reasonably may be expected to reflect the communications made by Mr. Galione during the period before and after the fire which is the subject of his insurance claim." [Id.] Petitioner argues that with the passage of time and by operation of Verizon's and T-Mobile's retention practices, Mr. Galione's cell phone bills will likely be destroyed absent immediate action by this Court. [Id. at 5.] Petitioner indicated that a "[n]otice of this Petition will be served on Mr. Galione." [Id.]

On April 30, 2013, the Court entered a Notice of Hearing scheduling a hearing on Petitioner's Petition for May 23, 2013. [Doc. 4.] The Court's Notice specifically stated that "Petitioner must serve each expected adverse party with a copy of the Petition and this Notice of Hearing pursuant to Fed. R. Civ. P. 27(a)(2)." [Id..] Despite the specific language of the Court's Order and the requirements of Rule 27(a)(2), the Court learned at the hearing on May 23, 2013, that Petitioner had failed to provide notice and service to any "expected adverse party." The Court advised counsel for Petitioner that it would not proceed on its Petition until proper notice

had been served.  On May 23, 2013, the Court entered a second Notice of Hearing scheduling a hearing on Petitioner's Petition for June 14, 2013. [Doc. 5.]

On June 1, 2013, Mark and Parney Galione ("Respondents") filed a Joint Opposition to Petitioner's Petition ("Response").  In its Response, the Respondents argue that the Petition should be denied because it fails to meet the requirements of Fed. R. Civ. P. 27(a).  Specifically, Respondents contend that (1) Petitioner fails to show it cannot presently bring a cause of action; (2) Petitioner fails to set forth the facts it seeks to establish in preserving the cell phone records; and (3) Petitioner has failed to present supporting evidence showing an immediate need to preserve the records. [Doc. 7 at 1.]  As to the first requirement, Respondents argue that the only way litigation can be "impending" in this matter is for Petitioner to have already denied Respondents' claim. [Id. at 7.]  If Petitioner has already denied Respondents' claim then nothing precludes Petitioner from presently filing an action for declaratory judgment to determine that no money is due under its insurance policy. [Id.]  As to the second requirement, Respondents contend that Petitioner fails to provide a "focused explanation" of what the cell phone records will show and does not identify with whom Mr. Galione may have communicated during the requested period of time that is material and relevant to its claim. [Id. at 8.]  Finally, as to the third requirement, Respondents assert that Petitioner has only made vague references to its "understanding" that the cell phone records will be lost or destroyed.  Such a subjective understanding, Respondents claim, fails to satisfy the objective showing required by Rule 27. [Id. at 11.]

On June 1, 2013, Respondents also filed an Answer to Petitioner's Petition.  Respondents restate that the Petitioner has improperly invoked Rule 27 and ask that the Petition be dismissed with prejudice and that they be awarded reasonable attorney fees and costs. [Doc. 8 at 4-5.]

On June 10, 2013, Petitioner filed its Reply. [Doc. 12.] Petitioner states that it is unable to bring a action at this time because the Galiones' property damage claim is still being investigated and that no decision has been made regarding their claim. That said, litigation remains "impending" because claim denial is a possibility. [Id at 3.] Petitioner further states it has made clear the facts that it wants to establish with the cell phone records; *i.e*., it wants to know who Mr. Galione called and from whom he received phone calls. [Id. at 4] It also wants cell tower records in order to reflect the phone's location when calls were made. [Id.] Finally, Petitioner admits that Verizon has stated that their requested records will be preserved, but T-Mobile has informed Petitioner that it only maintains its records for 180 days and will not preserve them absent a court order. [Id. at 5.] Petitioner concedes these records may have already been discarded by T-Mobile.[2] [Id.]

On June 14, 2013, the Court heard oral arguments from the parties. At the hearing, the Court learned that many of the cell phone records requested have already been produced by the Galiones. Counsel also confirmed that Verizon has agreed to preserve the cell phone records requested by Petitioner. Thus, the remaining issue concerned the cell phone records from T-Mobile. The Court gave the parties five days to work out an agreed order authorizing the release the cell phone records. The Court informed the parties that if they were unable to agree, the Court would rule on the Petition. On June 19, 2013, the Petitioner filed a Report of No Agreement Between the Parties Regarding Rule 27 Petition indicating that "no agreement can be

---

[2] It is the Court's understanding that Mr. Galione produced some phone call records he had from T-Mobile but he was unable to produce the phone call records for the dates requested (November 1, 2012, through November 14, 2012), and T-Mobile has refused to produce them even to Mr. Galione since he is no longer a T-Mobile customer. T-Mobile has also refused to produce the records to Petitioner without a Court order.

reached as to the form of an order on Pacific Indemnity's Rule 27 Petition."[3] [Doc. 15.] The Petitioner requested that the Court issue an order allowing it to subpoena only the T-Mobile records. [Id.]

### 2. Counterclaim for Declaratory Relief

On June 1, 2013, Mark and Parney Galione filed a Counterclaim for Declaratory Relief essentially asking this Court to declare whether Petitioner has already denied their claim. [Doc. 9.] On June 24, 2013, Petitioner filed a Motion to Dismiss the Galiones' Counterclaim arguing that in addition to being procedurally improper, this Court does not have subject matter jurisdiction. [Doc. 18 at 2, 4.] On June 27, 2013, Mark and Parney Galione filed a Joint Opposition to Petitioner's Motion to Dismiss.

### 3. Motion for Summary Judgment

On June 27, 2013, Mark and Parney Galione filed a Joint Motion for Summary Judgment. [Doc. 22.] In their Motion for Summary Judgment, the Galiones ask this Court to find that because Petitioner has already denied their claim that they are under no further duty to cooperate in Petitioner's investigation. No response and no reply have been filed, nor are they necessary.

## RELEVANT LAW

A proceeding pursuant to Rule 27 to perpetuate testimony is not based on a pending action nor is it a separate civil action in the usual sense. Furthermore, its purpose "is not the determination of substantive rights, but merely the providing of aid for the eventual adjudication

---

[3] The Court was not advised of the nature of the disagreement regarding the form of an Order. However, it is difficult to comprehend why an agreement could not be reached. All the Order had to say was "By agreement of the parties, T-Mobile is ordered to produce the cellular phone records of Mark Galione for the period of November 1, 2012, through November 14, 2012." If more information is being requested, the Order could designate specifically what T-Mobile is being asked to produce.

of such rights in a suit later to be begun." *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 484 (4th Cir. 1999)(quoting *Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1946)).  It has been described as an "ancillary or auxiliary proceeding to prevent a failure or delay of justice," and there need not be an independent basis of federal jurisdiction for the proceeding to perpetuate.  *Shore v. Acands, Inc.*, 644 F.2d 386, 389 (5th Cir. 1981); *General Motors Corp. v. Gunn*, 752 F.Supp. 729, 732 (N.D. Miss. 1990).  It is enough to show that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus it is a "matter that may be cognizable in any court of the United States."  *Dresser Industries, Inc. v. U.S.*, 596 F.2d 1231, 1238 (5th Cir. 1979).

Rule 27(a) of the Federal Rules of Civil Procedure provides in relevant part:

(1)    *Petition*.  A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony.  The petition must be titled in the petitioner's name and must show:

   (A)    that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

   (B)    the subject matter of the expected action and the petitioner's interest;

   (C)    the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

   (D)    the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

   (E)    the name, address, and expected substance of the testimony of each deponent.

> (2) *Notice and Service*. At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. . . .
>
> (3) *Order and Examination*. If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. . . . .

Fed. R. Civ. P. 27(a)(1)-(3).

"Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir.1975). Perpetuation of testimony includes the inspection of documents and things. *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 478 n.5 (4th Cir. 1999)(citing *Martin v. Reynolds Metals Corporation*, 297 F.2d 49, 56 (9th Cir. 1961)). Rule 27 is not "a substitute for general discovery." *Ash v. Cort*, 512 at 913. Likewise, Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint. *Application of Deiulemar Compagnia Di Navigazione S.p.A.,* 198 F.3d at 485. A petitioner must know the substance of the evidence it seeks before it can invoke Rule 27 perpetuation. *Id.* at 486 (citing *Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995)(finding that the petitioner could not satisfy Rule 27 because it could not "set forth the substance of the testimony")). Abuse of the rule by potential plaintiffs, who might try to use it as a means of discovery to enable them to draw a complaint, seems to be avoided by the requirement that the party seeking the deposition be unable to bring the suit or cause it to be brought. *Martin v. Reynolds Metals Corporation*, 297 F.2d 49, 55 (9th Cir. 1961).

"Unlike the usual discovery motion, the denial or grant of which has been considered interlocutory and non-appealable," several courts have recognized that orders on a rule 27(a)

deposition are appealable, because "denial of a motion to perpetuate testimony would ... seem to require immediate review." *Ash v. Cort*, 512 F.2d at 911–12 (citing *Mosseller v. United States*, 158 F.2d 380, 383 (2d Cir.1946)). A district court's decision to grant or deny a petitioner to take a deposition under Rule 27 is reviewed for abuse of discretion. *See Ash v. Cort*, 512 F.2d at 912.

## ANALYSIS

The Court first addresses its concerns regarding counsel's failures to properly apply the requirements and limitations of Rule 27.  Despite the very explicit requirement that Petitioner provide notice and service of its Verified Petition on "each expected adverse party," Petitioner failed to do either prior to the Court's first scheduled hearing.  It was only after being admonished by this Court that Petitioner effected service.  Even then, it was not without another blunderous oversight.  Instead of serving the Galiones at a viable and known address or to their attorneys, Petitioner attempted to serve them at the very home which is at the center of its property claim investigation – a home that no longer exists because it burned to the ground.  Counsel's failure to comply with the notice and service requirements of the rule are at best sloppy and at worst inexcusable.

Likewise, counsel for the Galiones are not without fault.  The Galiones attempted to invoke this Court's jurisdiction on issues that with a mere reading of the rule would have educated counsel that they are procedurally improper.  A proceeding based on Rule 27 to perpetuate testimony is *not* based on a pending action nor is it a separate civil action in the usual sense.  Its purpose "is not the determination of substantive rights, but merely the providing of aid for the eventual adjudication of such rights in a suit later to be begun." *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 484 (4th Cir. 1999)(quoting *Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1946)).  Rule 27 applies

8

only to situations where evidence will be lost unless judicial action is taken. Despite this very narrow purpose of Rule 27, and offering no basis for this Court to exercise jurisdiction outside the boundaries of Rule 27, counsel for the Galiones has engaged in filing pleadings and motions where no complaint has been filed and no action has been commenced. Counsel for the Galiones' actions have resulted in an unfortunate and unnecessary waste of this Court's time.

Because the Court lacks subject matter jurisdiction as to the Galiones' Counterclaim for Declaratory Relief [Doc. 9], the Court recommends that it be dismissed without prejudice and that Petitioner's Motion to Dismiss the Galiones' Counterclaim for Declaratory Judgment [Doc. 18] be denied as moot. For the same reason, the Court recommends that the Galiones' Motion for Summary Judgment [Doc. 22] be rendered moot because it was improperly filed.

In addressing the Petitioner's Verified Petition, the Court recommends that Petitioner's request for an Order allowing it to subpoena the Galiones' T-Mobile records be DENIED. Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost. It is not a substitute for discovery. Significantly, the preserving of testimony presumes that a petitioner knows the substance of the evidence it seeks to preserve. Here, Petitioner explains that the cell phone records it seeks to preserve "reasonably may be expected to reflect the communications made by Mr. Galione during the period before and after the fire which is the subject of his insurance claim." Petitioner's explanation fails for two reasons. First, the request asks for *all* cell phone records regarding phone calls made and received during a certain period of time. Second, and more importantly, the request fails to describe or identify the substance of the evidence it seeks to preserve from the cell phone records. Put bluntly, the Petitioner wants to go on a fishing expedition to see if Mr. Galione's cell phone records reveal phone calls to a putative arsonist who could be responsible for the

house fire suffered by the Galiones.  Thus, Petitioner seeks to discover or uncover evidence, not perpetuate it.

## CONCLUSION

For the foregoing reasons, the Court recommends the following:

1.     That Petitioner's Verified Petition to Perpetuate Evidence Pursuant to Fed. R. Civ. P. 27(A) [Doc. 1] be **DENIED**;

2.     That Mark and Parney Galione's Counterclaim for Declaratory Relief [Doc. 9.] be **DISMISSED WITHOUT PREJUDICE**;

3.     That Petitioner's Motion to Dismiss Mark and Parney Galione's Counterclaim for Declaratory Relief [Doc. 18] be **DENIED AS MOOT**;

4.     That Mark and Parney Galione's Motion for Summary Judgment [Doc. 22] be rendered **MOOT** because it was improperly filed;

5.     That an Order be entered denying Petitioner's Verified Petition, terminating this action, and awarding Mark and Parney Galione their attorney fees and costs for responding to the Verified Petition and attending the hearing on June 14, 2013; and

6.     That Petitioner be awarded attorney fees and costs for preparation of the Motion to Dismiss Mark and Parney Galione's Counterclaim for Declaratory Relief.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c).  Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to  § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court for the District of New Mexico.  A party must file any objections within the fourteen (14) days period allowed if

that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**